```
                UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| WILLIAM T. DIVANE, JR., <br> KENNETH J. BAUWENS, <br> MICHAEL J. CADDIGAN, <br> LARRY CRAWLEY, <br> SAMUEL EVANS, <br> TIM FOLEY, <br> THOMAS C. HALPERIN, <br> JAMES NORTH, <br> KEVIN O'SHEA, <br> and MICHAEL L. WALSDORF, <br> as the ELECTRICAL INSURANCE TRUSTEES, <br><br> Plaintiffs, <br><br> v. <br><br> REVCON TECHNOLOGY GROUP, INC. <br> and S & P ELECTRIC, INC., <br><br> Defendants. | No. <br><br> FILED: JUNE 17, 2008 <br> 08CV3460 <br> JUDGE SHADUR <br> MAGISTRATE JUDGE NOLAN <br> TG |

## **COMPLAINT**

The plaintiffs, WILLIAM T. DIVANE, JR., KENNETH J. BAUWENS, MICHAEL J. CADDIGAN, LARRY CRAWLEY, SAMUEL EVANS, TIM FOLEY, THOMAS C. HALPERIN, JAMES NORTH, KEVIN O'SHEA, and MICHAEL R. WALSDORF, as the ELECTRICAL INSURANCE TRUSTEES (the "Trustees"), by their attorney, David R. Shannon, for their complaint against the defendants, REVCON TECHNOLOGY GROUP, INC. and ("Revcon") S & P ELECTRIC, INC. ("S & P"), state:

1. This action arises under the Labor-Management Relations Act, as amended (29 U.S.C. § 141 et seq.), and the Employee Retirement Income Security Act of 1974 as amended by the Multiemployer Pension Plan Amendment Act of 1980 (29 U.S.C. §

1001 et seq.). Jurisdiction is founded on the existence of questions arising thereunder.

2. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1132(e)(2) by virtue of the fact that the Trustees' administrative offices are located in Chicago, Illinois.

3. The plaintiffs are the duly appointed and acting trustees under an agreement originally entered into on June 24, 1930, between the Electrical Contractors' Association of City of Chicago ("ECA") and Local 134, International Brotherhood of Electrical Workers, and are known as the Electrical Insurance Trustees.

4. Revcon and S & P are an electrical contractors which signed a Letters of Assent and thereby agreed to the terms of collective-bargaining agreements entered into between the ECA and Local 134.

5. Under their collective bargaining agreements, Revcon and S & P agreed to pay certain wage rates and, in addition, to file monthly reports with and make monthly contributions to the Trustees to cover certain fringe benefits, including pension benefits under the Electrical Contractors Association of Chicago of the City of Chicago and Local Union 134, I.B.E.W. Joint Pension Trust of Chicago Pension Plan No. 4 ("Plan 4").

6. In August 2006, the Trustees notified Revcon that it had made a complete withdrawal from Plan 4 on August 1, 2003 and was therefor subject to withdrawal liability in the amount of

$394,788.  The Trustees demanded payment of the withdrawal liability in 80 quarterly payments of $3,818 each commencing on October 15, 2006.

    7.   Revcon made four quarterly payments, but it failed to make the payment due on October 15, 2007.  On January 11, 2008, the Trustees notified Revcon of its default and gave it 60 days to cure the default.  A copy of the January 11, 2008 letter to Revcon is attached hereto as Exhibit A.

    8.   Revcon made the quarterly payment due on October 15, 2007 on March 11, 2008, but it failed to make the quarterly payments due on January 15, 2008 and April 15, 2008.  On April 18, 2008, the Trustees informed Revcon of its default under Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)) and demanded the entire amount of withdrawal liability owing plus accrued interest from October 15, 2007.  A copy of the April 18, 2008 letter to Revcon is attached hereto as Exhibit B.

    9.   Revcon failed to initiate arbitration proceedings within the time limits prescribed by Section 4221(a) of ERISA (29 U.S.C. § 1401(a)).

    10.   In August 2006, the Trustees notified S & P that it had made a complete withdrawal from Plan 4 on May 1, 2004 and was therefor subject to withdrawal liability in the amount of $155,330.  The Trustees demanded payment of the withdrawal liability in 80 quarterly payments of $1,895 each commencing on October 15, 2006.

11.     S & P made three quarterly payments, but it failed to make the payments due on July 15, 2007 and October 15, 2007.  On January 11, 2008, the Trustees notified S & P of its default and gave it 60 days to cure the default.  A copy of the January 11, 2008 letter to S & P is attached hereto as Exhibit C.

12.     S & P made the quarterly payments due on July 15, 2007 and October 15, 2007 on March 11, 2008, but it failed to make the quarterly payments due on January 15, 2008 and April 15, 2008.  On April 18, 2008, the Trustees informed S & P of its default under Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)) and demanded the entire amount of withdrawal liability owing plus accrued interest from April 15, 2007.  A copy of the April 18, 2008 letter to S & P is attached hereto as Exhibit D.

13.     S & P failed to initiate arbitration proceedings within the time limits prescribed by Section 4221(a) of ERISA (29 U.S.C. § 1401(a)).

14.     Revcon and S & P and all other trades or businesses in common control with them constitute a single employer within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder, and as such each is jointly and severally liable for the withdrawal liability of the other.  Both corporations are owned, directly or indirectly, by Scott Fisher, both corporations are controlled by Scott Fisher, and Scott Fisher is the chief executive officer of both corporations.

WHEREFORE, the plaintiffs, WILLIAM T. DIVANE, JR., KENNETH J. BAUWENS, MICHAEL J. CADDIGAN, LARRY CRAWLEY, SAMUEL EVANS, TIM FOLEY, THOMAS C. HALPERIN, JAMES NORTH, KEVIN O'SHEA, and MICHAEL R. WALSDORF, as the ELECTRICAL INSURANCE TRUSTEES, request the entry of a judgment against REVCON TECHNOLOGY GROUP, INC. and S & P ELECTRIC, INC. in the amount of $521,553.00, plus accrued interest, attorneys' fees and costs. The Trustees also request the Court to grant such other legal or equitable relief as the Court deems appropriate.

    WILLIAM T. DIVANE JR., <u>et al</u>., as the
    ELECTRICAL INSURANCE TRUSTEES

By:  /s/ David R. Shannon
      One of Their Attorneys

David R. Shannon
Tenney & Bentley, LLC
111 West Washington Street
Suite 1900
Chicago, Illinois 60602
(312) 407-7800




SERVING THE CHICAGO ELECTRICAL INDUSTRY SINCE 1930

CHICAGO   LOCAL 134

221 North LaSalle Street, Suite 200 • Chicago, Illinois 60601-1214
Telephone: (312) 782-5442 • Fax: (312) 782-4431
www.fundoffice.org

January 11, 2008

Mr. Scott Fisher
Revcon Technologies Group, Inc.
1715 Courtland Court
Suite 4
Addison, IL 60101-4208

08CV3460
JUDGE SHADUR
MAGISTRATE JUDGE NOLAN
TG

Re:   **Final Demand for Payment of Withdrawal Liability**

Dear Mr. Fisher:

The Electrical Pension Trustees of the Electrical Contractors Association of the City of Chicago and Local Union 134, I.B.E.W. Joint Pension Trust of Chicago Pension Plan No. 4 (the "Plan") previously notified Revcon Technology Group, Inc. (the "Company") by letter dated August 7, 2006 that the Company incurred a complete withdrawal from the Plan on August 1, 2003 and was therefore subject to withdrawal liability in the amount of $394,788 under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA").  In addition to notice, the letter from the Plan demanded payment of the withdrawal liability in eighty (80) quarterly payments of $3,818 each commencing on October 15, 2006, or in a lump sum also to be paid on or before October 15, 2006.

As of the date of this letter, the Plan has received four quarterly payments from the Company for the withdrawal liability owed. The quarterly payment due on October 15, 2007, in the amount of $3,818 was not received by the Plan.

Accordingly, the Company has sixty (60) days from receipt of this letter to cure the failure to make required withdrawal liability payments to the Plan.   Failure to make payments by this date will constitute a default pursuant to Section 4219(c)(5) of ERISA, and the Plan will require immediate payment of the entire amount of withdrawal liability owing plus accrued interest from the last payment due date of April 15, 2007.

In addition, the Company has not initiated arbitration proceedings within the time limits prescribed by Section 4221(a) of ERISA.  Therefore if payment is not made within sixty (60) days from the Company's receipt of this second demand letter, the Plan will file a lawsuit in federal court pursuant to Section 4221(b)(1) of ERISA to collect the entire withdrawal liability amount owed by the Company, plus interest, liquidated damages and attorney's fees and costs.

Mr. Scott Fisher
January 11, 2008
Page 2 of 2

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Sean P. Madix
Fund Administrator

 

SERVING THE CHICAGO ELECTRICAL INDUSTRY SINCE 1930

CHICAGO   LOCAL 134

221 North LaSalle Street, Suite 200 • Chicago, Illinois 60601-1214
Telephone: (312) 782-5442 • Fax: (312) 782-4431
www.fundoffice.org

April 18, 2008

Mr. Scott Fisher
Revcon Technologies Group, Inc.
1715 Courtland Court
Suite 4
Addison, IL 60101-4208

08CV3460
JUDGE SHADUR
MAGISTRATE JUDGE NOLAN
TG

**VIA CERTIFIED & FIRST CLASS MAIL**

Re:   **Final Demand for Payment of Withdrawal Liability**

Dear Mr. Fisher:

As of the date of this letter, the Plan has received five quarterly payments from the Company for the withdrawal liability owed. The quarterly payment due on October 15, 2007, in the amount of $3,818, was received by the Plan on March 11, 2008. Revcon Technologies Group, Inc. is still in arrears for the payments that were due on January 15, 2008 and April 15, 2008 totaling $7,636.

Accordingly, the Company had sixty (60) days from receipt of the January 11, 2008 letter to cure the failure to make required withdrawal liability payments to the Plan. Since Revcon Technologies Group, Inc. failed to make payments by this date resulting in a default pursuant to Section 4219(c)(5) of ERISA, and the Plan will require immediate payment of the entire amount of withdrawal liability owing plus accrued interest from the last payment due date of October 15, 2007. Payment of **$375,698** is due within **thirty (30) days** of the receipt of this letter.

In addition, the Company has not initiated arbitration proceedings within the time limits prescribed by Section 4221(a) of ERISA. Therefore the Plan will file a lawsuit in federal court pursuant to Section 4221(b)(1) of ERISA to collect the entire withdrawal liability amount owed by the Company, plus interest, liquidated damages and attorney's fees and costs if not received within the next thirty (30) days.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Michael D. Krantz
Contributions Collection Manager

*The Electrical Contractors Association and Local Union No. 134, I.B.E.W.*
*Health & Welfare and Joint Pension Trusts of Chicago*

**EIT BENEFIT FUNDS**

SERVING THE CHICAGO ELECTRICAL INDUSTRY SINCE 1930



NECA & IBEW
CHICAGO   LOCAL 134

221 North LaSalle Street, Suite 200 • Chicago, Illinois 60601-1214
Telephone: (312) 782-5442 • Fax: (312) 782-4431
www.fundoffice.org

January 11, 2008

Mr. Scott Fisher
S & P Electric Co., Inc.
1715 Courtland Court
Suite 4
Addison, IL 60101-4208

08CV3460
JUDGE SHADUR
MAGISTRATE JUDGE NOLAN
TG

Re:   **Final Demand for Payment of Withdrawal Liability**

Dear Mr. Fisher:

The Electrical Pension Trustees of the Electrical Contractors Association of the City of Chicago and Local Union 134, I.B.E.W. Joint Pension Trust of Chicago Pension Plan No. 4 (the "Plan") previously notified S & P Electric Co., Inc. (the "Company") by letter dated August 7, 2006 that the Company incurred a complete withdrawal from the Plan on May 1, 2004 and was therefore subject to withdrawal liability in the amount of $155,330 under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). In addition to notice, the letter from the Plan demanded payment of the withdrawal liability in eighty (80) quarterly payments of $1,895 each commencing on October 15, 2006, or in a lump sum also to be paid on or before October 15, 2006.

As of the date of this letter, the Plan has received three quarterly payments from the Company for the withdrawal liability owed. The quarterly payments due on July 15, 2007 and October 15, 2007, each in the amount of $1,895, were not received by the Plan.

Accordingly, the Company has sixty (60) days from receipt of this letter to cure the failure to make required withdrawal liability payments to the Plan. Failure to make payments by this date will constitute a default pursuant to Section 4219(c)(5) of ERISA, and the Plan will require immediate payment of the entire amount of withdrawal liability owing plus accrued interest from the last payment due date of April 15, 2007.

In addition, the Company has not initiated arbitration proceedings within the time limits prescribed by Section 4221(a) of ERISA. Therefore if payment is not made within sixty (60) days from the Company's receipt of this second demand letter, the Plan will file a lawsuit in federal court pursuant to Section 4221(b)(1) of ERISA to collect the entire withdrawal liability amount owed by the Company, plus interest, liquidated damages and attorney's fees and costs.

Mr. Scott Fisher
January 11, 2008
Page 2 of 2


Should you have any questions, please do not hesitate to contact me.

Sincerely,

Sean P. Madix
Fund Administrator




SERVING THE CHICAGO ELECTRICAL INDUSTRY SINCE 1930                             CHICAGO   LOCAL 134

221 North LaSalle Street, Suite 200 • Chicago, Illinois 60601-1214
Telephone: (312) 782-5442 • Fax: (312) 782-4431
www.fundoffice.org

April 18, 2008

Mr. Scott Fisher
S & P Electric Co., Inc.
1715 Courtland Court
Suite 4
Addison, IL 60101-4208

08CV3460
JUDGE SHADUR
MAGISTRATE JUDGE NOLAN
TG

**VIA CERTIFIED & FIRST CLASS MAIL**

    Re:    **Final Demand for Payment of Withdrawal Liability**

Dear Mr. Fisher:

As of the date of this letter, the Plan has received five quarterly payments from the Company for the withdrawal liability owed. The quarterly payments due on July 15, 2007 and October 15, 2007, each in the amount of $1,895, were received by the Plan on March 11, 2008. S&P Electric Co., Inc. is still in arrears for the payments that were due on January 15, 2008 and April 15, 2008 totaling $3,790.

Accordingly, the Company had sixty (60) days from receipt of the January 11, 2008 letter to cure the failure to make required withdrawal liability payments to the Plan. Since S&P Electric Co., Inc. failed to make payments by this date resulting in a default pursuant to Section 4219(c)(5) of ERISA, and the Plan will require immediate payment of the entire amount of withdrawal liability owing plus accrued interest from the last payment due date of April 15, 2007. Payment of **$145,855** is due within thirty (30) days after receipt of this letter.

In addition, the Company has not initiated arbitration proceedings within the time limits prescribed by Section 4221(a) of ERISA. Therefore the Plan will file a lawsuit in federal court pursuant to Section 4221(b)(1) of ERISA to collect the entire withdrawal liability amount owed by the Company, plus interest, liquidated damages and attorney's fees and costs if not received within the next thirty (30) days.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Michael D. Krantz
Contributions Collection Manager

*The Electrical Contractors Association and Local Union No. 134, I.B.E.W.*
*Health & Welfare and Joint Pension Trusts of Chicago*